| | |
|---|---|
| 1 | Stephen G. Frye (CSBN 196728) |
| 2 | LAW OFFICE OF STEPHEN G. FRYE |
|   | 7200 Franklin Ave., Suite 306 |
| 3 | Los Angeles, California 90046 |
|   | Telephone: (310) 990-8713 |
| 4 | Facsimile: (626) 470-9656 |
|   | Email: sgf@sgfryelaw.com |
| 5 | |
|   | Attorney for AMADOU DIALLO |
| 6 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| United States of America, | ) CR 23-54-AH |
|---|---|
| Plaintiff. | ) |
|   | ) APPLICATION OF DEFENDANT |
|   | ) AMADOU DIALLO TO DISMISS |
| vs. | ) INDICTMENT; POINTS AND |
|   | ) AUTHORITIES IN SUPPORT; |
| **AMADOU DIALLO, et al.,** | ) [PROPOSED] ORDER |
|   | ) |
| Defendant. | ) Date: TBA |
|   | ) Time: TBA |
|   | ) Place: Hon. Anne Hwang |
|   | )        Courtroom 9C |
|   | )        U.S. District Court |
|   | )        350 West First Street |
|   | )        Los Angeles, CA 90012 |
|   | ) |
|   | ) Trial Date: 3/10/26 |

TO: THE ACTING UNITED STATES ATTORNEY, ASSISTANT UNITED STATES ATTORNEY RYAN ADAMS, AND DEPARTMENT OF JUSTICE ATTORNEYS WILLIAM SCHURMANN AND ABDUS PARDESI: PLEASE TAKE NOTICE that as soon as counsel can respond and the matter may be heard, in the courtroom of the Honorable Anne Hwang, Defendant Amadou Diallo hereby applies for an order dismissing the Indictment.

This application is based on the Sixth Amendment to the United States Constitution, the Speedy Trial provisions of the United States Constitution and the Federal Speedy Trial Act, Federal Rule of Criminal Procedure 12 and any other applicable Rule of Criminal Procedure, the attached Memorandum of Points and Authorities, the records, papers and files in this case, and on such other evidence and argument as may be presented at the hearing on this motion.

January 13, 2026              Respectfully submitted,


/s/
Stephen G. Frye
Ashley Daniel
Attorneys for Defendant
Amadou Diallo

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF APPLICATION TO DISMISS**

**I.**

**INTRODUCTION**

Recently, federal courts in at least one sister district have dismissed indictments based on deprivation of the Sixth Amendment right to counsel because the government failed to fund the defense function for an extended period. See United States v. Ortiz, CR 24-308-JAM (E.D. Ca., December 8, 2025) (a copy of which is attached as Exhibit A). This case presents the same constitutional failure that compelled dismissal in Ortiz, but in more aggravated form. Because Mr. Diallo refused to waive his

-2-

rights to a speedy trial under the Speedy Trial Act and the United States Constitution, those provisions, when considered in conjunction with the Sixth Amendment violation, likewise compel dismissal in this case.

**A.     FACTUAL BACKGROUND**

Mr. Diallo made his initial appearance in this matter on June 1, 2023.  (Docket No. 8).  He was ordered detained and, despite his best efforts to obtain bond, has remained in detention since.  (See Docket No. 11).  Following appointment of current counsel, the Court eventually set a trial date of October 30, 2025.  In June 2025, the Court ran out of money with which to pay appointed counsel and ancillary defense services.

Mr. Diallo's court-appointed counsel went without access to investigators, experts, and other basic defense resources for an extended period.  While counsel continued to work, the lack of funding affected that work, for example, by increasing the workload in other appointed cases because many CJA counsel refused to accept new cases during the funding lapse.  Moreover, between the funding lapse and the corresponding increased workload from other matters, among other reasons, payment vouchers were not submitted as they otherwise would have been. Ancillary services were not available at all during the funding lapse.  The deprivation has not been momentary or speculative — it has structurally disabled the defense, while the government's prosecution has proceeded unabated.

On September 11, 2025, the Court held a status conference regarding the October 30 trial date.  At that hearing, counsel for Mr. Diallo moved to continue the trial date because of the

lack of funding and the corresponding inability to effectively render assistance of counsel in a timely manner by, for example, limiting the ability to hire experts, investigators, etc.

At that same hearing, Mr. Diallo objected to the continuance and refused to waive his Speedy Trial rights. (See Docket No. 187). Over Mr. Diallo's objection, the Court continued the trial date to March 10, 2026. (Id.). He remained in detention pending trial.

Even after CJA funding was set to resume on October 1, 2025, funding remained frozen through an additional month because of the government shutdown. Throughout the funding lapse, the parties' positions diverged in a manner that fundamentally undermined the adversarial process. While the government continued full trial preparation without interruption, the defense was functionally unable to move forward due to the absence of funding and resources. While the defense attorneys agreed to continue to work without assurance of payment, the continued funding lapse effectively prevented the ability to consult with potential experts, hire an investigator, etc.

Mr. Diallo has repeatedly refused to waive his speedy trial rights on the record, including at hearings in October 2024 and September 2025.

**II.**

**ARGUMENT**

**A. The Court Must Dismiss the Indictment Because the Five Month Lapse in Funding Deprived Mr. Diallo of his Sixth Amendment Right to Counsel and his Constitutional and Statutory Rights to a Speedy Trial.**

The Sixth Amendment guarantees not only counsel, but effective assistance of counsel, which necessarily includes adequate resources. Strickland v. Washington, 466 U.S. 668, 685-86 (1984); Wilbur v. City of Mount Vernon, 989 F. Supp. 2d 1122, 1131 (9th Cir. 2013). The Sixth Amendment guarantees access to the "basic tools of an adequate defense," without which effective assistance is impossible. Ake v. Oklahoma, 470 U.S. 68, 77 (1985). "A criminal trial is fundamentally unfair if the [government] proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense." Id.

District courts possess inherent supervisory authority to dismiss indictments in order to remedy constitutional violations, preserve the integrity of the judicial process, and ensure that convictions rest on lawful and appropriate procedures. United States v. Chapman, 524 F.3d 1073, 1087 (9th Cir. 2008); United States v. Matta-Ballesteros, 71 F.3d 754, 763 (9th Cir. 1995). Exercise of that authority is warranted where a defendant has suffered substantial prejudice and no lesser remedial action is available to cure the constitutional harm. Under such circumstances, dismissal is not punitive, but remedial, and serves to restore fairness to the criminal process.

Courts recently have dismissed indictments, without prejudice, because of the five-month lapse in funding the defense function. In Ortiz, the defendant was indicted in November 2024 for possession with intent to distribute methamphetamine. He was detained and CJA counsel was appointed to represent him. CJA funding lapsed in June 2025, but defense counsel apparently continued to work on the case.

On August 5, 2025, with the parties' agreement, the district court set a trial date of January 26, 2026, and entered an order excluding time under the Speedy Trial Act. (See United States v. Ortiz, CR 24-302-JAM (E.D. Ca. August 5, 2025) (Docket No. 21). On October 4, 2025, defendant moved to dismiss the indictment citing the ongoing lapse in CJA funding. (Id. at Docket Nos. 22 and 23). The government opposed the motion, eventually arguing that CJA funding had been restored and that a continuance of the trial date would suffice to cure the constitutional violation.

The Court granted the motion to dismiss and released the defendant forthwith. The court declined "to penalize Defendant by extending his pretrial detention time and jeopardizing his speedy trial rights." Ortiz, at p. 2, attached hereto as Exhibit A. The court observed that circumstances of this nature create an "unprecedented and glaring imbalance in the criminal justice system." Id. at p. 4. "Time cannot be excluded for trial preparation when the government created a situation that essentially denied counsel the ability to prepare." Id. at p. 6. "Although CJA funding is now in place, … the restoration of funding has done nothing to cure the constitutional injury already suffered by Defendant due to Congress's intentional

decision not to provide constitutionally mandated funding for over five months." Id. at pp. 5-6; accord, United States v. Castro, No. 2:24-cr-00074-JAM, 2025 WL 3467795 (E.D. Cal. Dec. 3, 2025) (finding Sixth Amendment violation due to CJA-funding lapse but granting a continuance rather than ordering dismissal given the lack of a set trial date); but see United States v. Evanovich, CR00079-DJC, 2025 WL 3208308 (E.D. Cal. Nov. 17, 2025) (finding Sixth Amendment violation but denying dismissal and granting a continuance).

In this case, like Ortiz, the defense function was crippled for more than five months because of the lapse in CJA funding. Like the Court in Ortiz, this court, at counsel's request, continued the trial date during the ongoing lapse in CJA funding. Unlike the defendant in Ortiz, however, Mr. Diallo did not waive his rights to a Speedy Trial. The continuance from the previous October 30, 2025, trial date to the current March 10, 2026, trial date, over Mr. Diallo's objection, has prejudiced Mr. Diallo by forcing his continued detention, without trial, by over four additional months. Moreover, the current resumption of CJA funding as of late November 2025, has caused a further delay in effective preparation for trial. Mr. Diallo refuses to consent to any further continuance. The Court should dismiss the case because of the defense function lapse.

### III.

### CONCLUSION

Dismissal represents the narrowest remedy sufficient to cure the constitutional violation in this case. It preserves the Government's discretion to seek reindictment, restores

fundamental fairness to the adversarial process, and protects the integrity of the judicial system by ensuring that prosecutions do not proceed on the back of structural constitutional defects. This is precisely why the court in <u>Ortiz</u> dismissed that case even after funding was restored: once the constitutional harm has occurred and cannot be undone, dismissal is the only remedy that adequately vindicates the defendant's rights.  The case should be dismissed, and Mr. Diallo should be released forthwith.

Dated:  January 13, 2026          Respectfully submitted,


                                   /s/_____
                                   Stephen G. Frye
                                   Ashley Daniel
                                   Attorneys for Defendant
                                   Amadou Diallo